UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHANTAVIA T. SPIKES                                                                                    Plaintiff

v.                                                                                  Civil Action No. 3:24-CV-434-RGJ

HUMANA INC.                                                                                           Defendant

\* \* \* \* \*

### **MEMORANDUM OPINION**

Plaintiff Shantavia T. Spikes filed a *pro se*, *in forma pauperis* employment discrimination complaint under Title VII of the Civil Rights Act of 1964 ("Title VII") against Defendant Humana Inc. [DE 1-1]. This matter is before the Court for an initial review of the complaint pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, the Court will allow Plaintiff's claims to proceed for further development.

**I.**

In July 2024, Plaintiff filed this *pro* se complaint against Defendant using a court-approved complaint form. [DE 1-1]. Plaintiff alleges that Defendant terminated her on March 31, 2023. She asserts that Defendant discriminated against her based on her race, color, and gender/sex. [*Id.* at 9]. Under the Statement of Claims section, Plaintiff identifies the discriminatory conduct as including termination of her employment, failure to promote, and retaliation. [*Id.*]. In that section, Plaintiff specifically claims:

> [I] [i]nitially complained to my direct supervisor Shelley Duke fall-winter of 2020 into 2021 concerning being harassed by current teammates specifically Kristine Bryant outside the workplace concerning a former sexual harassment situation involving a white male, Kyle Conatser. I escalated my concerns to Shelley Duke's manager, Nathalie Bedford in hopes of a resolution and fair treatment due to the hostile environment which didn't happen. After diligently working and success within the department with no compensation but continued harassment I reached out to HR on multiple occasions with no resolution due to lack of evidence. Finally

> July 2022 I contacted HR with all facts, details concerning Kyle Conatser and my concerns regarding my team and work conditions which shortly after I was being coached on the path of termination. I was falsely accused of numerous things while in a leadership program all summer-fall of 2022 denied promotions and ultimately terminated March 31, 2023.

[*Id.* at 10]. Plaintiff attaches a copy of her charge filed with the EEOC. Plaintiff also attaches a copy of her Notice of Right to Sue letter from the EEOC issued on April 26, 2024, as directed by Section IV(B) of the court-approved complaint form. [*Id.* at 10, 12].

**II.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

**A. Discrimination: Failure to Promote and Harassment**

"The central inquiry of a Title VII claim is whether an employer discriminated against an employee because of her 'race, color, religion, sex, or national origin.'" *Primm v. Dept. of Hum. Servs.*, No. 16-6837, 2017 WL 10646487, at *2 (6th Cir. Aug. 17, 2017). Title VII "does not set forth 'a general civility code for the American workplace.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). It only protects employees from discrimination or harassment based on specific protected characteristics–race, color, religion, sex, or national origin. *See Martin v. Ford Motor Co.*, No. 3:20-CV-440-RGJ, 2021 WL 235129, at *4 (W.D. Ky. Jan. 22, 2021).

Here, the complaint identifies that she is a black female who was not promoted and ultimately terminated/constructively discharged from her job. Plaintiff alleges that someone who was outside of Plaintiff's protected class received the job and that other similarly situated individuals were not terminated. Finally, at this stage of the litigation, the fact that Plaintiff was hired and maintained employment with Defendant for over nine years suggests that she was qualified for the position. *See Brown v. Accenture Fed. Servs.*, No. 15-24-GFVT, 2016 WL 3298543, at *6 (E.D. Ky. June 13, 2016) (quoting *Lewis v. Norfolk S. Ry. Co.*, 590 F. App'x 467, 469 (6th Cir. 2014)). Upon this preliminary review of these allegations, the Court will allow Plaintiff's Title VII claims based upon failure to promote and harassment to proceed.[1]

### B. Discrimination: Retaliation

"In order to state a claim for retaliation under Title VII, a plaintiff must show: (1) she engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment." *Sharma v. Ohio State Univ.*, 25 Fed. App'x 243, 248 (6th Cir. 2001) (quoting *Morris v. Oldham Cnty. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000)).

Here, the complaint alleges that Plaintiff filed a sexual harassment claim against a male co-worker; that she was harassed by another co-worker related to the original sexual harassment claim; that Plaintiff reported this activity to Defendant; and that instead of remedying the situation,

---

[1] In *Swierkiewicz v. Sorema*, the Supreme Court considered and rejected the argument that "a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the framework . . . in *McDonnell Douglas* [ ]." 534 U.S. 506, 508 (2002); *see also Carson v. Little Clinic Mgmt. Servs. LLC*, No. 3:19-CV-682-DJH, 2020 WL 2748501, at *2 (W.D. Ky. Feb. 12, 2020).

Defendant deprived Plaintiff of a promotion and placed on her on an employment improvement plan. Upon this preliminary review of these allegations, the Court will allow Plaintiff's Title VII retaliation claim to continue.

## IV.

The Court has allowed Plaintiff's Title VII claims against Defendant to proceed for further development. In doing so, the Court passes no judgment on their merit or upon the ultimate outcome of the case.

The Court will enter a separate Order directing service on Defendant.

Date:


cc: Plaintiff, *pro se*
      Defendant
A961.014