**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:24-CV-00434-RGJ-CHL**


**SHANTAVIA T. SPIKES,**                                                                      **Plaintiff,**

**v.**

**HUMANA INC.,**                                                                               **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Compel filed by Pro se Plaintiff Shantavia T. Spikes ("Plaintiff"). (DN 70.)  Defendant Humana Inc., d/b/a CenterWell Pharmacy Inc. ("Defendant"), has filed a Response.  (DN 74.)  Plaintiff has not filed a reply and the time for doing so has passed. Therefore, the Motion is ripe for review.   For the following reasons, Plaintiff's Motion is **GRANTED IN PART**.

**I.      Background**

This case arises out of Plaintiff's allegations that Defendant retaliated against her for twice making complaints of harassment and discrimination to her employer in addition to failing to promote her and wrongfully terminating her based on her sex and race.  (DN 1-1.)  Plaintiff sent two sets of written discovery requests: the first on April 2, 2025, and the second on November 3, 2025.  (DN 74, at PageID # 830.)  Although Plaintiff timely served her first set of discovery requests, she served her second set of requests two weeks after the discovery deadline.  (DN 38.) Plaintiff's Motion relates to perceived deficiencies in Defendant's responses and objections to both sets of requests.

Plaintiff's first set of discovery requests concern documents relating to Plaintiff's salary and data request tickets.  (DN 74-1.)  Plaintiff's second set of requests concern instant chat messages in Defendant's possession.

## II.    Discussion

### A.    Standard

The scope of discovery is within the sound discretion of the trial court.  *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).  The reviewing court reviews a ruling by the trial court limiting or denying discovery under an abuse of discretion standard.  *Id.*  An abuse of discretion exists when the reviewing court is "firmly convinced" that a mistake has been made. *Bush v. Rauch*, 38 F.3d 842, 848 (6th Cir. 1994).

### B.    Motion to Compel

Under Rule 26(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed R. Civ. P. 26(b)(1).  After making a good faith attempt to resolve a discovery dispute, a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a).

#### 1.    Requirement to Meet and Confer

A motion to compel discovery must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in order to obtain it without court action.  Fed. R. Civ. P. 37(a)(1). Moreover, the Court's Local Rules require that, prior to filing a discovery motion, the parties must make a good faith effort to resolve extrajudicially any dispute relating to discovery.  LR 37.1.  The Court will not entertain discovery motions unless counsel have conferred—or attempted to confer—with other affected parties to resolve their dispute.  *Id.*  The moving party must attach to every discovery

motion a certification that counsel have conferred and are unable to resolve their differences. *Id.* Finally, the Court's May 15, 2025, Scheduling Order requires parties to reach out to chambers for the undersigned to schedule a telephonic discovery conference before filing a discovery motion. (DN 38, at PageID # 190.)

Ordinarily, the Court would enforce these requirements strictly. But the Court is also cognizant of the fact that Plaintiff is proceeding pro se. Courts have a duty to liberally construe the briefs of pro se litigants and apply less stringent standards to parties proceeding pro se. *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001). Therefore, although the Court will hold Plaintiff to the same requirements as represented parties, the Court will generously construe Plaintiff's brief.

In Plaintiff's brief, she states that she "ha[d] reached out to the [D]efendant numerous of times [sic] concerning this information…" (DN 70, at PageID # 814.) Based on a review of the email communications attached to the Motion, the Court finds that Plaintiff has attempted to meet and confer with counsel for Defendant in good faith and accepts her representation that she has done so as a certification. (DN 70-1.) However, neither party has requested a discovery conference with the undersigned. Ordinarily, this would be cause for the Court to deny Plaintiff's motion without prejudice and order the parties to attend a discovery conference before permitting Plaintiff to refile her Motion. But upon reviewing Plaintiff's Motion, the Court finds that such an exercise would be futile. The Court will grant Plaintiff's motion with respect to one item of discovery—which the Court does not perceive to be in dispute anyway—and deny the rest.

### 2.    Timeliness

Rule 37 does not set a deadline for when motions to compel must be made, nor do this Court's Local Rules, or even the Court's May 15, 2025, Scheduling Order. Therefore, the

3

timeliness of Plaintiff's motion is within the Court's discretion.  However, the Court notes that Plaintiff served Defendant with her second set of discovery requests on November 3, 2025.  (DN 74-3.)  This was after the deadline for discovery: October 17, 2025.  (DN 38.)  Therefore, the Court could deny Defendant's Motion to Compel with respect to her second set of requests on this basis alone.  However, as discussed below, Plaintiff's Motion—with respect to her second set of discovery requests—would fail on the merits regardless.

### 3.      Relevance

Relevance is an important but relatively low bar for discovery.  It is a useful tool for eliminating most information from the reach of discovery, and it is relatively easy to apply.  If something is not relevant, it is not discoverable.  Fed. R. Civ. P. 26(b)(1).  Information is relevant if it includes "any matter that bears on, or that reasonably could lead to other matter that could bear on," the claims or defenses of any party.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  A request for discovery seeks relevant information if there is any possibility that the information sought may bear on a claim or defense of any party.  *Invesco Institutional (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007).

### a)      Instant Chat Messages

Plaintiff requests every single instant chat message she exchanged with five employees over a period of three years.  (DN 74-3, at PageID # 858.)  In the past, the Court has denied motions to compel because the information sought was extremely broad and not limited to the subject matter of the case.  *E.g., Dodd v. Hendrickson*, 349 F.R.D. 286, 303 (W.D. Ky. 2025).  But the usual remedy is to limit the request to the relevant subject matter rather than denying the request entirely.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).  But here, the Court is hamstrung in its ability to do so.  It is unclear to the Court what Plaintiff is searching for among these chat messages.  It is also

4

unclear to the Court what Plaintiff believes she can find from these chat messages that would be relevant to her claims.  Although the Court recognizes that Plaintiff is proceeding pro se, Plaintiff still has an obligation, as the moving litigant, to tell the Court what she wants and why she wants it.  Therefore, the Court will not compel Defendant to produce anything in response to this request.

### b)       Data Request Tickets

In Plaintiff's first set of discovery requests, she asked for "[a]ll [d]ocuments that support plaintiff's work performance such as submitted data request tickets…"  (DN 74-1, at PageID # 845.)  Defendant responded that it did not know what a data request ticket was.  (DN 74-10.)  Plaintiff explained that data request tickets were "usually submitted by an employee when reports need to be updated and/or data is being sent/requested."  (DN 74-11, at PageID # 882.)  Then Plaintiff requested production tickets from CenterWell production intranet sites.  (DN 74-12, at PageID # 887.)  On January 20, 2026, almost one month after Plaintiff's Motion was filed, Defendant produced all data requests that Plaintiff submitted or initiated that were in its possession.  (DN 74-8.)

On January 22, 2026, Plaintiff responded that the documents were "hard to read" (DN 78-5, at PageID # 992), but without context the Court does not know how to instruct Defendant to fix this.  Is the text too small?  Are the documents in an illegible format?  Is she unable to access all fields in the form the documents were produced?  Do the documents contain handwriting that is difficult to read?  Without sufficient detail, the Court cannot give Defendant any instructions as to how to fix the problem.  But more importantly, *Defendant* is unable to fix the problem if Defendant does not know what the problem is.  Therefore, the Court will not order Defendant to produce anything further in response to this request.

### c)       Salary Analysis

Plaintiff also requested a pay analysis for each role she obtained during her time working for Defendant. (DN 74-5, at PageID # 866.) Defendant produced a salary analysis showing the minimum, maximum, and midpoint compensation statistics for the role Plaintiff held between 2019-23. (DN 74-6.) Defendant then sent an updated analysis for the positions she held from 2017-18. (DN 74-8.) Plaintiff then claimed that this information was missing and requested that it be sent to her again. (DN 78-5, at PageID # 992.) If the only issue is that Plaintiff is missing some information, then the clearest solution is to simply order Defendant to send it again, given that Defendant is not intentionally withholding it.

### III.   Order

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (DN 70) is **GRANTED IN PART**. Defendant shall again send the requested salary analysis documents for Plaintiff's previously held positions beginning with the year 2017. The motion is denied in all other respects.

March 23, 2026

Colin H Lindsay, Magistrate Judge
United States District Court

cc:   Counsel of record
Pro se Plaintiff

6